UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X   Case No.:

NATASHA KNOX,

                        Plaintiff,                **COMPLAINT**

     -against-

CRC MANAGEMENT CO., LLC, CLEAN RITE    **PLAINTIFF DEMANDS**
CENTERS-3533 BOSTON RD., LLC, 4352 BRONX   **A TRIAL BY JURY**
BLVD. LAUNDROMAT, LLC, CECILIA
ASHMEADE, *individually*, and KEN FERRIS,
*individually*,

                      Defendants.

-------------------------------------------------------------------X

Plaintiff, NATASHA KNOX, by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), the New York State Human Rights Law, New York State Executive Law §§ 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-107, et. seq. ("NYCHRL") and seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her race/color (Black), national origin, and/or disability, whether actual and/or perceived, and retaliated against for her complaints of discrimination, resulting in her unlawful termination.

2. Plaintiff also brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), and for violations of the New York Labor Law, N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

**JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES**

3.  Jurisdiction of this Court is proper under 42 U.S.C. §1981, 42 U.S.C. § 2000e-5(f)(3), FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a), and 28 U.S.C. §§ 1331 and 1343.

4.  The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York or the acts complained of occurred therein.

6.  By: (a) timely filing an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 2, 2019; (b) receiving a Notice of Right to Sue from the EEOC on May 11, 2020; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, mailing copies thereof to the New York City Commission of Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York pursuant to the notice requirements of § 8-502 of the New York City Administrative Code, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A; a copy of the transmittal letter to the NYCCHR, *et ano.*, is annexed hereto as Exhibit B.

**PARTIES**

7.  That at all times relevant hereto, Plaintiff NATASHA KNOX ("Plaintiff") is an African American female and a resident of the State of New York and Bronx County.

8.  That at all times relevant hereto, Defendant CLEAN RITE CENTERS-3533 BOSTON RD., LLC ("Defendant BOSTON RD") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

9.      Defendant BOSTON RD owns and/or operates a laundromat under the name "Clean-Rite" located at 3533 Boston Road. The Bronx, New York 10469 ("Boston Road location").

10.     Upon information and belief, Defendant BOSTON RD employs fifteen or more employees.

11.     That at all times relevant hereto, Defendant 4352 BRONX BLVD. LAUNDROMAT, LLC ("Defendant BRONX BLVD") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

12.     Defendant BRONX BLVD owns and/or operates a laundromat under the name "Clean-Rite" located at 4352 Bronx Boulevard, The Bronx, New York 10466 ("Bronx Boulevard location").

13.     Upon information and belief, Defendant BRONX BLVD employs fifteen or more employees.

14.     That at all times relevant hereto, Defendant CRC MANAGEMENT CO., LLC ("Defendant CRC Management") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

15.     Defendant CRC MANAGEMENT CO., LLC owns and/or operates a laundromat under the name "Clean-Rite" located at 4741 White Plains Road, The Bronx, New York 10470 ("White Plains Road location").

16.     Defendants, BOSTON RD., BRONX BLVD., and CRC MANAGEMENT ("Defendant CLEAN RITE") are associated and joint employers, act in the interest of each other with respect to employees and share control over employees.

17.     Defendant CLEAN RITE possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

18.     Upon information and belief, Defendant CLEAN RITE employ at least fifteen (15) or more employees.

3

19.     Upon information and belief, Defendant CLEAN RITE had a gross annual volume of sales of not less than $500,000.00 at all relevant times.

20.     That at all times relevant hereto, Plaintiff has been an employee of Defendant CLEAN RITE.

21.     That from in or around March 2019, Individual Defendant KEN FERRIS ("FERRIS") was employed by Corporate Defendants as the "District Leader" of Defendant CLEAN RITE's laundromats.

22.     That from in or around March 2019, Defendant FERRIS had supervisory authority over Plaintiff. Defendant FERRIS had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

23.     At all times relevant, Individual Defendant CECILIA ASHMEADE ("ASHMEADE") was employed by Corporate Defendants as the "Manager" of Defendant CLEAN RITE's White Plains Road location.

24.     That at all times relevant hereto, Defendant ASHMEADE had supervisory authority over Plaintiff. Defendant ASHMEADE had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

25.     That at all times relevant hereto, Defendants, BOSTON RD., BRONX BLVD., CRC MANAGEMENT, ASHMEADE and FERRIS, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

26.     On or about December 21, 2018, Plaintiff was hired by Defendants as a "Customer Service Assistant" at the White Plains Road location for Defendant CLEAN RITE.

27.     As a Customer Service Assistant, Plaintiff was responsible for greeting and assisting customers with any issues, cleaning laundry, cleaning the store, and selling merchandise such a laundry detergent.

28.     In or around the beginning of February 2019, Plaintiff's work environment became permeated with racial harassment from Defendant ASHMEADE, a manager of the White Plains Road location.

29.     Defendant ASHMEADE began making daily criticisms of Plaintiff that she was too "hood" and "ghetto" to work at Defendants' business. Defendant ASHMEADE also criticized Plaintiff by saying "the Yankee in you makes you timid." Plaintiff was shocked and offended by these repeated criticisms based on her race and national origin.

30.     In or around late February 2019, Plaintiff complained of repeated racist harassment she was enduring to Vincent Butler ("Mr. Butler"), Defendants' District Leader. Mr. Butler informed Plaintiff that there would be a meeting concerning the harassment; however, no meeting ever occurred.

31.     Therefore, Mr. Butler acquiesced to Defendant ASHMEADE's discriminatory conduct.

32.     Instead, on or about March 1, 2019, Plaintiff was informed that a new District Leader, Defendant FERRIS, would be taking over responsibility for Plaintiff's Clean Rite locations.

33.     On or about March 5, 2019, Plaintiff went to her physician to seek treatment for the pain she was experiencing due to a broken finger she had sustained in an earlier car accident. Her physician treated her with a new hand brace and instructed her that she would need to limit herself to lifting no more than 25 pounds at work.

34.     On or about March 6, 2019, Plaintiff returned to work and informed Defendant ASHMEADE that she would require an accommodation of lifting no more than 25 pounds due to the continuing treatment of her broken finger. Defendant ASHMEADE responded that Plaintiff "shouldn't have this job" if she required an accommodation.

35.     Distressed that she was not receiving any accommodation, on or about March 11, 2019, Plaintiff called Defendant CLEAN RITE's Corporate Office to complain about her lack of accommodation as well as the racist harassment she was receiving.

36.   That same day, Defendant ASHMEADE informed Plaintiff by text message that she was "off the schedule."

37.   On or about March 13, 2019, Nevel (Last Name Unknown) ("Nevel"), a Human Resources Representative for the Defendants, instructed Plaintiff to forward him a doctor's note. Plaintiff informed Nevel about the racist harassment she was receiving as well as her employer's failure to accommodate her disability (broken finger), whether actual and/or perceived. He informed the Plaintiff, in reference to her request for accommodation, that "we might need to have a conversation if you can't do your job."

38.   As to Plaintiff's complaints of racist harassment, Nevel informed the Plaintiff that there would be an investigation.

39.   Shockingly, Defendant FERRIS began to contribute to the already racially hostile work environment that Plaintiff was exposed to while working for Defendants.

40.   In or around Mid-March 2019, Plaintiff arrived at work wearing a scarf and was informed by Defendant FERRIS that she "looked like Aunt Jemima." Plaintiff was shocked and offended by Defendant FERRIS's comment.

41.   Defendant FERRIS' racist comments continued.

42.   In or around late March, Defendant FERRIS criticized the Plaintiff for "talking Jamaican" when she got "upset."

43.   On or about April 18, 2019, having complained about the environment of racist harassment at the Clean-Rite locations, Plaintiff was informed that she was terminated effective immediately.

44.   Plaintiff was informed that the supposed basis of her termination was taking money from the cash register to pay for a taxi home.

45.   However, this reasoning was obviously pretextual; Plaintiff was informed when she was first hired that Clean-Rite would pay for her rides to and from work and that she could use money

from the cash register for this purpose so long as she provided a receipt. Plaintiff had engaged in this practice since she was first hired with the approval of her district leader.

46.   **Plaintiff has been treated differently by Defendants, solely due to her race and/or national origin.**

47.   **But for the fact that Plaintiff was disabled and requested an accommodation, Defendants would not have terminated Plaintiff's employment**.

48.   **Defendants failed to grant the reasonable accommodations Plaintiff requested**.

49.   **Defendants failed to enter into the interactive process when Plaintiff made her request for a reasonable accommodation and instead ignored her request**.

50.   But for the fact that Plaintiff is a black and/or her disability (broken finger), whether actual and/or perceived, Defendants would not have treated her differently.

51.   Plaintiff's broken finger was a disability (broken finger), whether actual and/or perceived pursuant to the New York State Human Rights Law and the New York City Human Rights Law.

52.   Defendants' actions and conduct were intentional and intended to harm Plaintiff.

53.   The above are just some of the ways Defendants discriminated against Plaintiff while employing her.

54.   Defendant CLEAN RITE had knowledge of and/or acquiesced in the discrimination and/or harassment by Defendants, ASHMEADE and FERRIS.

55.   Plaintiff's performance has been, upon information and belief, exemplary during the course of his employment with Defendants.

56.   Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

57.    As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

58.    As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## Plaintiff's Unpaid Minimum and Overtime Wage Claims

59.    Throughout her employment, Plaintiff was paid by check.

60.    When Plaintiff was first hired, Plaintiff would generally work from 8:00 a.m. to 4:00 p.m. two days per week and from 4:00 p.m. until 12:00 p.m. two days per week at the White Plains Road location (approximately 32 hours per week).

61.    However, starting in or around December 2018, Defendants began requesting that Plaintiff pick up "extra hours" at Defendants' Bronx Boulevard and Boston Road locations.

62.    These "extra hours" would constitute an extra 8:00 a.m. to 4:00 p.m. or 4:00 p.m. until 12:00 p.m. shift each week at either the Bronx Boulevard or Boston Road locations. (approximately 8 additional hours per week).

63.    Defendants did not pay Plaintiff **any** compensation for her hours worked at the Bronx Boulevard or Boston Road locations, at either a regular rate of pay or with any overtime premium for those weeks that led her to work more than forty hours per week.

64.    In or around March 2019, Plaintiff complained to Defendants' human resources department concerning her missing hours. She never received any response and, as of the date of this Complaint, remains unpaid for any hours worked at the Bronx Boulevard or Boston Road locations.

65.    Throughout her employment, Plaintiff was not required to use any kind of clock-in or clock-out mechanism. Instead, Defendants' employees sporadically used a log sheet to record hours.

66.    Throughout her employment, Plaintiff was paid at a rate of $15.00 per hours, with a $15.50 rate for certain overnight shifts.

67.     Defendants never granted Plaintiff any breaks or meal periods of any kind.

68.     Plaintiff regularly handled goods in interstate commerce, such as laundry produced outside

        the State of New York.

69.     Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL

        195(3).

70.     Defendants did not give any notice to Plaintiff of her rate of pay, employer's regular pay day,

        and such other information as required by NYLL §195(1).

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER 42 U.S.C. §1981**
**(Not Against Individual Defendants)**

69.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph

        was more fully set forth herein at length.

70.     42 U.S.C. § 1981 states in relevant part as follows:

        (a)     Statement of equal rights

        All persons within the jurisdiction of the United States shall have the
        same right in every State and Territory to make and enforce contracts,
        to sue, be parties, give evidence, and to the full and equal benefit of all
        laws and proceedings for the security of persons and property as is
        enjoyed by white citizens, and shall be subject to like punishment,
        pains, penalties, taxes, licenses, and exactions of every kind, and to no
        other.

        (b)     "Make and enforce contracts" defined

        For purposes of this section, the term "make and enforce contracts"
        includes the making, performance, modification, and termination of
        contracts, and the enjoyment of all benefits, privileges, terms, and
        conditions of the contractual relationship.

        42 U.S.C. §1981

71.     Plaintiff, who is Black, was discriminated against because of her race as provided under 42

        U.S.C. §1981 and has suffered damages as set forth herein.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER 42 U.S.C. §1981**
**(Not Against Individual Defendants)**

72.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

73.     By the acts and practices described above, Defendant CLEAN RITE retaliated against Plaintiff for her opposition to unlawful discrimination under 42 U.S.C. §1981.

74.     Defendant CLEAN RITE acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

75.     As a result of Defendant CLEAN RITE's discriminatory acts, Plaintiff has suffered and will continue to suffer irreparable injury, emotional distress, and other compensable damage unless and until this Court grants relief.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

76.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

77.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendant CLEAN RITE.  Plaintiff complains of Defendant CLEAN RITE's violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's race.

78.     Defendant CLEAN RITE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*., by discriminating against Plaintiff because of her race.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**
**(Not Against Individual Defendants)**

79.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

80.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it

10

shall be unlawful employment practice for an employer:

> (1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

81.  Defendant CLEAN RITE engaged in unlawful employment practice prohibited by 42 U.S.C.

§§ 2000e *et seq*. by discriminating against Plaintiff with respect to the terms, conditions or

privileges of employment because of her opposition to the unlawful employment practices of

Defendant CLEAN RITE.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW
### (Against All Defendants)

82.  Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph

was more fully set forth herein at length.

83.  The New York State Executive Law § 296(1)(a) provides that,

> "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, **race**, creed, **color**, **national origin**, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

84.  Defendants engaged in an unlawful discriminatory practice in violation of the New York State

Executive Law § 296(1)(a) by creating and maintaining discriminatory working conditions,

and otherwise discriminating against Plaintiff because of her race/color (Black), national

origin, and/or disability, whether actual and/or perceived.

### AS A SIXTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK STATE EXECUTIVE LAW
### (Against All Defendants)

85.  Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph

was more fully set forth herein at length.

11

86.     New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

87.     Defendants have engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's engagement in an activity protected under this law.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE EXECUTIVE LAW
(Against Individual Defendants Only)**

88.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89.     New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any acts forbidden under this article, or attempt to do so."

90.     Defendants, ASHMEADE and FERRIS, engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 by aiding, abetting, inciting, compelling, and coercing the discriminatory and retaliatory conduct complained of herein.

**AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

91.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

92.     The New York City Administrative Code §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color**, **national origin**, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

12

93.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her race/color (Black), national origin, and disability (broken finger), whether actual and/or perceived.

**AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

94.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

95.     The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

96.     Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

97.     Plaintiff repeats, reiterates, and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

98.     The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

99.     Defendants, ASHMEADE and FERRIS, engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS AN ELEVENTH CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

**FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

103.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

104.    Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

105.    Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

106.     Plaintiff has been damaged in an amount to be determined at trial.

**AS A TWELTH CAUSE OF ACTION**
**FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

107.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

108.    Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

109.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

110.     Plaintiff has been damaged in an amount to be determined at trial.

**AS A THIRTEENTH CAUSE OF ACTION**
**FOR VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE NYLL**

111.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

112.    Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

113.    Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of NYLL § 663.

114.     Plaintiff has been damaged in an amount to be determined at trial.

## AS A FOURTEENTH CAUSE OF ACTION
## FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NYLL

115.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

116.     Defendants failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

117.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

118.     Plaintiff has been damaged in an amount to be determined at trial.

## AS A FIFTEENTH CAUSE OF ACTION
## FOR VIOLATION OF NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NYLL

119.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

120.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

121.     Plaintiff has been damaged in an amount to be determined at trial.

## AS A SIXTEENTH CAUSE OF ACTION
## FOR VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NYLL

122.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

123.     Defendants have not provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

124.     Plaintiff has been damaged in an amount to be determined at trial.

**JURY DEMAND**

125.    Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.    Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq., the New York State Human Rights Law, New York State Executive Law, §§ 296 et. seq., and the New York City Human Rights Law, Administrative Code §§ 8-107 et seq., in that Defendants discriminated, and retaliated against Plaintiff on the basis of her race;

B.    Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Executive Law and the New York City Administrative Code, in that Defendants discriminated against Plaintiff on the basis of her disability (broken finger), whether actual and/or perceived, failing to provide Plaintiff with a reasonable accommodation, and terminating Plaintiff's employment due to her disability (broken finger), whether actual and/or perceived, and in retaliation for engaging in a protected activity – complaining that Defendants' ignored her request for an accommodation;

C.    Awarding Plaintiff compensatory damages for mental, and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

F.    Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

G.    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

16

H.      Awarding Plaintiff damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable;

I.      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

J.      Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

K.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

L.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.


Dated:  New York, New York
        May 22, 2020

                                        **PHILLIPS & ASSOCIATES,**
                                        **Attorneys at Law, PLLC**

                                        _Shawn Clark_
                                        _____
                                        Shawn R. Clark, Esq.
                                        *Attorneys for Plaintiff*
                                        45 Broadway, Suite 620
                                        New York, New York 10006
                                        T: (212) 248-7431
                                        F: (212) 901 - 2107
                                        sclark@tpglaws.com